E. W. GATES LUMBER COMPANY *v.* D. L. BRITTON.

[62 South. 648.]

LOGS AND LOGGING. *Sales of standing timber. Construction of contract.*

> Where the owner of land for a consideration conveyed to the vendee all of the log timber on the land together with the cart roads and railroad privileges on said land and agreed to protect said timber from fire and trespass until the timber should be cut and that if he sold the land he would reserve all such timber on said land, to the vendee of such timber, such a sale conveys an interest in the land, so that such vendee was not bound to remove the timber in a reasonable time.

APPEAL from the circuit court of Wayne county.

HON. JOHN J. BUCKLEY, Judge.

Suit by D. L. Britton against the E. W. Gates Lumber Company.

From a judgment for plaintiff, defendant appeals.

Appellee was plaintiff in the court below, and appellant was defendant. This was an action in replevin, begun by plaintiff in the court of a justice of the peace for possession of four hundred and fifty saw logs cut from a certain tract of land. A judgment was obtained in that court, and on appeal to the circuit court and trial *de novo,* plaintiff again obtained judgment for the sum of one hundred and eighty dollars, the agreed value of the logs, from which this appeal comes.

On February 6, 1901, plaintiff and his wife executed the following timber deed: "Feb. 6, 1901. In consideration of fifty-five dollars I sell the Yellow Pine Lumber Company all the saw log timber on the land described as follows: East one-half of southeast quarter, section twenty-nine, township nine, range five west, containing eighty-two acres, and cart roads, railroad privileges on said land, and will protect said timber from fire and tres- .

pass until said timber is cut from the said land; and if I sell or cause to be sold said land I will reserve all the saw log timber on said land for the Yellow Pine Lumber Company. Signed this day of my own free will and accord. D. L. Britton. I. A. Britton.''

Afterwards through mesne conveyances the E. W. Gates Lumber Company acquired the title to the timber rights, and proceeded in September, 1911, to cut the logs, whereupon this suit was begun; it being the contention of the plaintiff that the right to cut and remove the timber had been lost, because not exercised within a reasonable time, more than ten years having elapsed since the execution of the deed, and that it was the intention of the parties that the right conveyed should be exercised within a reasonable time, and not continue indefinitely.

On the trial both sides asked a peremptory instruction, and the court granted one for the plaintiff, and refused defendant's.

*Granade & Granade,* for appellant.

The deed to the saw log timber by D. L. Britton and I. A. Britton to the Yellow Pine Lumber Company is a legal deed. Code of Mississippi of 1906, section 2769. The *habendum* clause is not necessary to the validity of a deed of this kind. 74 Miss. 158.

Even though the deed was not a warranty deed, yet it was sufficient to pass all title to the timber on the said land and estop the grantor and his heirs from asserting any further title. Code of Mississippi of 1906, section 2767.

In the case of Hall v. Eastman-Gardiner Company, the facts were entirely different from those in this case and would have no application to the construction or effect of the writing executed by Britton to Yellow Pine Lumber Company. *Hall* v. *Eastman-Gardiner Co.,* 89 Miss. 588.

105 Miss. 38

Under the laws of Mississippi, it is well settled that a deed to timber carries an interest in the land as well as the timber, making it real estate until it is actually severed. *Butterfield Lbr. Co.* v. *Guy,* 46 So. 78.

This is also the well-established law in the state of Alabama. *Magnetic Ore Co.* v. *Marbury Lumber Co.,* 104 Ala. 465; *Zimmerman* v. *Daffin.*

A deed to timber, under the laws of Mississippi, containing no reservation, the timber being considered a part of a realty until the same is severed, is not subject to the statute of limitations of ten years, or any other proceedings, as the grantee would take such title and rights as would allow him to remove the timber at any time that he might see fit. *Butterfield Lbr. Co.* v. *Guy,* 46 So. 78, 92 Miss. 361.

It is further decided in the case of Butterfield Lumber Company v. Guy, that the mere fact that the party making the deed made an improvident contract, did not affect the validity of the same, nor the rights thereunder; also, that real estate is susceptible of this ownership as to its different parts, and that one party may own the land, another the trees, and others different interests such as mineral substance beneath the lands. *Butterfield Lumber Co.* v. *Guy,* 46 So. 78.

It has now become settled law in a number of states, among them being the state of Mississippi, that a deed to timber carries an interest in the land, and where there are no reservations, the title to the timber is absolute, and without limitations as to time. *Harrell* v. *Miller,* 35 Miss. 701; *McKenzie* v. *Shows,* 70 Miss. 388; *Fox* v. *Pearl River Lumber Co.,* 80 Miss. 1; *Magnetic Ore Co.* v. *Marbury Lbr. Co.,* 104 Ala. 465, 15 So. 632; *Zimmerman* v. *Daffin,* 149 Ala. 380; *Hefflin* v. *Bingham,* 56 Ala. 566; *Harrell* v. *Mason,* 54 So. 185; *Hoit* v. *Stratton Mills,* 54 N. H. 109; *Benedict* v. *Torrant,* 11 L. R. A. (Mich.) 278; *Mee* v. *Benedict,* 22 L. R. A. (Mich.) 641; *Patterson* v. *Graham,* 164 Pa. 234.

*M. L. Heidelberg* and *W. M. McAlister,* for appellee.

The appellant in this cause claimed the right to cut the timber involved in this suit by virtue of a timber deed, executed by appellee and his wife on the —— day of February, 1901, to the Yellow Pine Lumber Company, and which deed is a part of the record in this cause. Appellant claims that this deed gave the grantee therein and its assigns a perpetual right to enter upon the land described in the said deed, and to cut and remove from the land the timber sued for in this cause. That is to say, that the deed in question conveys a fee simple title to the timber in question. Appellee contends that the said deed does not convey a fee simple title to the timber, but that it only conveyed the right to the saw log timber growing on the land at the time of the execution of the deed, with the right to cut and remove the same within a reasonable time.

A primary rule for the construction of deeds is that "the intent must be gathered from a fair construction of the entire instrument, and the language employed therein, and should be consistent with the terms of the deed, including its scope and subject-matter." 13 Cyc., 604. "Some meaning should be given to every clause, word and expression, if it can reasonably be done, and is not inconsistent with the general intent of the whole instrument, so that the deed may operate, if by law it may, according to the intention of the parties." 13 Cyc., 605.

In the instrument before us we have the following words, clauses and sentences to be construed, to wit: "Sell," "All the saw log timber," "Cart road and railroad privileges," "And will protect said timber from fires and trespassers until the said timber is cut from the said land," and, "If I sell, or cause to be sold the said land, I will reserve all saw log timber on said land for the Yellow Pine Lumber Company." Appellant insists that the word sell in itself carries a fee simple title, thus

making the meaning of the whole instrument to hinge on one word, and by so doing, violating the principle laid down by the courts for the construction of deeds. If this principle, insisted on by appellant, is true, then appellee can very well reply by saying that the deed conveys saw log timber only; and that a saw log, according to the decision of the courts of last resort means a heavy piece or stick of wood, or body of a tree, cut at convenient length to be sawed into lumber. *Rowan* v. *Carlton,* 56 So. (Miss.) 329; *Burkholder* v. *Union Trust Co.,* 82 Mo. 572-576; *State* v. *Addington,* 121 N. C. 538-540, 27 S. E. 988. But we wish to be fair in the discussion of this matter, and will say that we think the parties to this deed in using the word log meant standing timber; for in one of the sentences above, quoted from the deed, it is said that the grantor, the appellee, should protect the timber from trespassers and fires until it was cut from the land. It should be noticed that appellee obligated himself to protect the timber from fires and trespassers. But for how long? Evidently not for such a length of time as would be implied by a conveyance in fee simple; because that idea is negatived by the words: "Until the timber is cut from the land," showing conclusively that the parties to this deed had in mind the removal of this timber within a reasonable time. Then it would be unreasonable to suppose that any man in his right senses would, for the paltry sum of fifty-five dollars, obligate to protect timber from trespassers and fires for a long, indefinite period of time, and at the same time accept the money as full consideration for his timber. Then the appellant asked for cart road and railroad privileges over the land and had it incorporated in the deed. This shows beyond doubt that the purpose was to cut and remove this timber, and that both the appellant and the appellee so understood. It should also be noticed that the appellant obligated the appellee to reserve his right to the timber in the event that he, appellee, should convey the land to

other persons. This also shows that the parties had in mind the cutting and removal of this timber. And then some reasonable construction should be placed on the words "Saw log timber." Why not say all timber, if a fee simple title was intended to be conveyed by this deed? What is saw log timber today will, doubtless, remain saw log timber, but on every piece of timbered land there is a large amount of timber not fit for use as saw logs, not large enough; but in the course of years would grow into saw logs. According to appellant's contention he is entitled to all the timber on this land as fast as it grows into saw log timber. Thus by his construction he would change this phrase to mean all the timber growing on the land at the time of the execution of the deed, and all the timber that might hereafter grow on the same. The very words saw log show doubt that the parties to this deed had in mind the cutting and removal of the timber within a short time, and that the timber was being purchased for a specific and definite purpose.

In the case of *McNair & Wade Land Co.* v. *Adams, et al.*, 45 So. 492, we have a Florida case where the timber deed executed is very similar to the one in hand. In this case the court said: "In constructing the deed the design of the maker must be gathered from the whole instrument. We have the right to look to the subject-matter embraced in the instrument, and to the intention of the parties, and to the conditions surrounding them. If clauses in the instrument are repugnant to each other, they must be reconciled to each other, if possible; and the intent, and not the words, is the practical thing to be regarded." Citing among other cases: *Hall* v. *Eastman & Gardner Co.*, 89 Miss. 588, 43 So. 2.

In construing the deed the court further said: "It does not convey all the timber that may thereafter grow upon the land. The timber is conveyed for definite, and not for all purposes and uses. 'First to turpentine said tim-

ber, and to use the same for milling purposes.' These
purposes imply, nay, they require, the cutting down and
removal of the timber from the land. This shows clearly
that the estate conveyed should at some time come to an
end; that it should not be perpetual. To give to the deed
the construction placed on it by the appellant would make
it convey, not only the timber now on the land, but the
timber to be grown thereon for all time. The defendant
company could, under this construction, after the lapse
of years, cut other timber not now being on the land,
crop after crop, to be grown through all time, amounting
to many thousands of dollars more than the consideration
expressed in the deed. Parties may make a contract
whereby one would be entitled to a perpetual right to
enter upon land of another and remove timber there-
from, but as such an agreement is so unreasonable in its
nature, no contract will be held to have that effect, un-
less it is so plainly manifest from the terms of the same
that such was the intention of the parties. *McRae* v.
*Stillwell,* 111 Ga. 65, 36 S. E. 604; *Hall* v. *Eastman,*
*Gardner & Co.,* 89 Miss. 588.

If it be conceded that the deed executed by appellee in
this case and relied upon by appellant, conveyed a limited
estate only, then we have this result. The appellant had
the right to enter and remove this timber from the land
immediately on the execution of the deed in question by
the appellee. *McNair & Wade Land Company* v. *Adams,*
45 So. 492. He admits in the record that he did not re-
move the same until after the expiration of ten years
from the date of the execution of the deed. Regardless
of what was a reasonable time in this case in which to re-
move the timber from the land, the statute of limitations
fixes the limit of such a reasonable time at ten years.
Code of Miss. 1906, section 3090, says: "A person may
not make an entry or commence an action to recover land
but within ten years next after the time at which the
right to make the entry or bring the action shall first
accrue to some person through whom he claims, etc."

And section 3115 says: "The completion of the period of limitations herein prescribed to bar any action, shall defeat and extinguish the right as well as the remedy."

The appellant was, therefore, a trespasser when he went upon the land described in the deed on which he, appellant, relies, and the appellee had the right to sue at once in replevin for the possession of the timber so cut and removed by appellant, as it was cut and removed over his objections and against his protest. *Rowan* v. *Carlton,* 56 So. (Miss.) 329.

The circuit court, therefore, was correct in its ruling when it excluded appellant's deed from the jury, and instructed the jury to find for the appellee.

*Whitfield, McNeil & Whitfield,* for appellee.

Before proceeding to the consideration of the authorities which must control the decision of this case, we desire to call the court's careful attention to the words, phrases, and clauses of this deed, because when once the court has very carefully and critically read this deed, the intention of the parties cannot be obscured but stands out perfectly manifest and, it would seem, almost too plain to call for any construction, the intention being so manifest.

We first ask the court to note carefully the use of the phrase "saw log timber." We submit that, under the authorities construing timber deeds, this phrase, "saw log timber" alone, in its legal significance, as in its ordinary meaning, imports timber suitable for saw mill purposes and that the very use of this phrase alone shows the intention of the parties was to transfer and convey saw log timber to be sawed up and manufactured into lumber for sale and that, of course, if this purpose and intention of the parties were consummated, the saw log timber must necessarily be cut and removed within a reasonable time.

We further want to call the court's attention right here to the fact that there is no timber "hereinafter growing on this land" transferred by this deed, but only all the "saw log timber" on the land at the time of said transfer, to wit: February 6, 1901.

We next invite the court's most especial attention to the following clause: "I will protect said timber from fire and trespass until said timber is cut from the land."

We submit that certainly this clause, beyond all controversy, shows that the manifest intention of the parties to this deed was that this timber was to be cut from said land within a reasonable time. Surely the grantor did not mean or intend to agree to protect said timber from fire and trespass for an indefinite and unreasonable length of time. Most assuredly not, for the paltry consideration of fifty-five dollars.

We submit most earnestly that the single word, "until" itself imports that there shall be an expiration of a period of time in the future. If not, why not use the word "forever" instead of the phrase, "until said timber is cut?" We submit with all confidence that the phrase "saw log timber," that the word "until," and the use of the clause, "I will protect said timber from fire and trespass until said timber is cut," when considered in view of the consideration, of the small amount of timber transferred, the small area over which it was located, and all the other words, phrases, and clauses constituting this deed, disclose, beyond the shadow of a doubt, that the parties to this deed contemplated that the timber transferred was to be cut and removed within a reasonable time.

The court below so construed this deed and we insist that his judgment was sound and correct, and not only so, but that it was the only possible interpretation that could be placed upon this deed.

Counsel for appellant's only hope seems to be that he may persuade this court to construe this deed to be a

transfer to the grantee of the timber there described in fee simple forever. He apparently hopes to succeed in this effort by getting this court to say that this deed is to be classified with the deed construed in the case of *Butterfield Lumber Company* v. *Guy,* reported in 46 So. 78.

We submit most earnestly that this deed, on one reading, classifies itself with that class of timber deeds construed in the case of *McRae* v. *Stillwell* by the supreme court of Georgia reported in 55 L. R. A. at page 513, where the case is thoroughly and exhaustively annotated, which annotations completely settle the controversy, as to the construction of this deed, in favor of the appellee. It is remarkable that counsel for appellant does not even cite this case nor these annotations in his brief filed in this court.

The McRae case was followed and a deed belonging to the same class as the deed construed in the McRae case was construed by this court in the case of *Hall* v. *Eastman, Gardner & Co.,* 89 Miss. 588, wherein the court, after a careful examination of the McRae case and a great many other authorities, construed the deed presented in the Hall case, which, we submit, is to be classified along with the deed presented in the McRae case and in this case, to mean that the timber must have been removed within a reasonable time and that the cutting must have commenced within a reasonable time, though there was no expressed or implied time, in the language of the deed construed in that case, fixed for the commencing of the cutting.

We submit that the deed presented by this record for construction classifies itself with the Hall deed and McRae deed and separates itself widely from the deed construed in the deed of Butterfield v. Guy, and express the opinion that this court will have no difficulty whatever in promptly so classifying it. The special covenant in the deed in the Hall case above, is as follows:

"It is especially covenanted and agreed that as to each of the forty-acre tracts here described and conveyed, the deed shall continue and remain in force until said Eastman, Gardner & Co., their successors and assigns commence to cut and remove the same and for one year thereafter and then to become void and of no effect."

The court in the opinion through WHITFIELD, C. J., said: "The proposition contended for by learned counsel for appellee that, under this instrument the grantee had a fee simple title to all the timber growing on the land at the date of the instrument or growing at any time thereafter and all such timber growing, standing, lying or being on said land without any limit whatever, is, of course, utterly untenable."

And further: "The argument is that the grantee might commence to cut whenever he pleased and not until he pleased, and if he never begins, he would still own in fee all said timber and that these rights are vested in the grantee by the terms of this instrument. Nothing could be further from the intention and purpose of the maker of this instrument as expressly set forth in the special covenant named."

And further: "The plain purpose of the instrument is to give to the grantee the right to cut and remove the timber. There was not the remotest thought on the part of either that the grantee should have the right to the timber, the timber to be kept standing on the land forever or indefinitely. Plainly the purpose of the instrument was, as to each forty-acre tract, that the grantee should commence to cut and remove the timber within what would be a reasonable time, to be determined by the evidence."

We submit most earnestly that the proposition as to when the grantee should commence to cut in the Hall case is incidental with the proposition as to when the grantee should cut in the case presented by this record. There was not a thing said in the Hall deed as to when the

grantee should commence to cut, and yet the court held that it was plainly the purpose of the instrument that the grantee should commence to cut within what would be a reasonable time. Indeed the court said, with reference to the construction of that deed:

"We have not been able to see how there could have been any serious difficulty in the construction of this instrument. Courts must look at the whole instrument, not at one clause. They must get the purpose from the whole instrument, and they have a right to look to the situation of the parties who made the instrument, to the subject-matter embraced in the instrument, and to all the conditions surrounding the parties executing the instrument. When this is done, as it must, of course, be done to reach the true intent of the parties, all difficulties in the construction of this instrument instantly disappears."

With reference to what would be a reasonable time, we submit that the court indicates in that case that the statute of limitations would be determined by its use of the following language: "This conclusion does not make it necessary to decide whether or not in this case the delay, to be unreasonable, must pass the period of the statute of limitation."

And that was said in a case where a large number of forty-acre tracts were involved, when a reasonable time would naturally be much longer than where only one eighty-two-acre tract was involved.

The Georgia supreme court in the case of McRae v. Stillwell, referring to the deed for construction, said: "The paper was in form a deed, and, in consideration of seventy-five cents per acre, purported to convey all the pine timber sold for sawmill purposes on eleven described lots of land. The paper also contained the following clauses: 'I acknowledge receipt of the sum of five hundred and fifty in cash and note —— dollars this day paid me by the parties of the second part, and do agree that

the amounts left unpaid with that shall be paid as follows: when each lot is entered to cut timber, the balance due on each lot is one hundred dollars, which will be due as above stated—full right of way of railroads and tramroads through the said lands for the purposes above stated; the right of way to continue as long as said mill operations may require, and I will myself, my heirs, and assigns to above-named premises—forever warrant and defend.''

The court in construing that deed with those clauses and phrases, said: ''In the present case, however, the conveyance, so far as the timber is concerned, is limited to the timber suitable for sawmill purposes, on the land at the date of the conveyance. While the conveyance does not in express terms so declare, no other conclusion can be reached from the language therein employed. In addition to this, the deed contains a provision that the grantee shall have the right of way for railroads—the right of way to continue as long as said mill operations may require. And the warranty clause of the deed declares that said grantor will forever warrant and defend said premises for said sawmill purposes to the grantees—it would seem that nothing could be clearer than that it was the intention of the parties to this instrument that the grantee should become the owner of the timber suitable for sawmill purposes growing on the land at the date of the execution of the deed, and that such timber was to be removed from the premises within a reasonable time after the execution of the conveyance. The expression that the right of way through the land was to 'continue as long as said sawmill operations require,' strongly indicates that it was not the intention of the parties to this instrument that the right to enter and remove the timber should continue in perpetuity, but was to come to an end sometime in the future. What that time was cannot be declared to be other than what would be a reasonable time to be allowed for the removal of the timber according to the circumstances of the case.''

We submit that these two cases are absolutely conclusive of the question presented to this court by this record and must control this court in its construction of this deed.   Both of these cases have been since followed and approved by the Florida supreme court in the case of *McNair & Wade Land Company* v. *Adams* in 45 So. 492, wherein the court said: ''The deed we are construing conveys a certain parcel of timber, being on the land described.   It does not convey all the timber that may thereafter grow upon the land.   The timber is conveyed for definite, not all, purposes and uses, 'first, to turpentine said timber, and then to use same for milling purposes.'   These purposes imply, nay they require, the cutting down and removal of the timber from the land. This shows clearly that the estate conveyed should at some time come to an end; that it should not be perpetual.   To give to the deed the construction placed upon it by appellant would make it convey, not only the timber now upon the land, but the timber to be grown thereon for all time.   The defendant company could, under this construction, cut and manufacture into lumber the trees now growing, and then, after the lapse of time, cut other timber not now being on the land, crop after crop to be grown through all time, amounting to many thousands of dollars more than the consideration expressed in the deed.   Parties may make a contract whereby one would be entitled to a perpetual right to enter upon the land of another and remove timber therefrom; but, as such an agreement is so unreasonable in its nature, no contract will be held to have this effect, unless it is so plainly manifest from the terms of the same that such was the intention of the parties. *McRae* v. *Stillwell*, 111 Ga. 65, 36 S. E. 604, 55 L. R. A. 513; *Hall* v. *Eastman, Gardner & Co., supra.*''

Counsel for appellant seems to depend solely upon the case of Butterfield Lumber Company v. Guy, apparently hoping to persuade the court to classify the

deed presented by this record with the deed in that case, but we submit that one reading of each deed will suffice to show how very different the two deeds are, as to language and as to manifest intention. In the first place, in the Guy deed, the thing conveyed was all the "green pine timber." It was not all the "saw log timber," as in this deed.

In the second place, the word "until" importing the termination of a period of time in the future nowhere appears in the Guy deed. On the contrary, the language is, speaking with reference to the laying off of the right of way, "to be laid off at will and pleasure of said Norwood & Butterfield Company." No such phrase as that appears anywhere in the deed presented for construction by this record.

In the next place, in the Guy deed, there was no covenant to protect the timber from trespass or fire for any period of time whatsoever. If a fee simple title to timber without any qualifications whatsoever as to time, or any word, phrase, or clause, to indicate the intention of the grantor that the timber should be removed within a reasonable time, could possibly be drawn, it was in the Guy deed, and the manner of its drawing and the language used was the justification that the court found for its holding in that case, and we want this court to mark the fact, that the court carefully distinguished that deed from the class of deeds construed in the case of Hall v. Eastman, Gardner & Co., the court saying: "In the case of *Hall* v. *Eastman, Gardner & Co.,* 89 Miss. 588, a consideration of the question presented here was expressly pretermitted."

The court further said, in justifying its construction of that deed: "When parties have made a lawful contract in language leaving no doubt as to the intention, there is no ground for any interference by the court, but the contract must be enforced as written."

We submit that the language in that deed, and especially the utter absence of any language indicating any in-

tention to cut at any time in the future, or any word, or phrase, or clause, indicating that it was the intention of the parties that the timber transferred should be removed within a reasonable or 'any other time, is so widely different from the clauses, phrases, and words in this deed, as that it is not even applicable, and can be of no aid to the court in construing this deed.

Just here we want to call the court's attention, by way of demonstrating from the record, that the grantee in the deed presented by this record, did, itself, construe this deed to mean that the timber should be removed within a reasonable time, by the fourth plea filed by the appellant in the court below, which, although it was properly stricken out, on motion of appellee, because the plea of not guilty is, of course, the only plea that can be plead in reply to a declaration in replevin, yet it shows unquestionably the interpretation put upon this deed by the grantee.  And after having plead it, even though it had been stricken out, the appellant ought to be forever estopped from trying to plead that this deed should be classified with the Guy deed instead of the Hall deed. The plea is in the following language:

"Fourth, and for further answer and defense, defendant says that plaintiff cannot recover for that on, to wit: the sixth day of February, 1901, the said plaintiff sold and conveyed to the Yellow Pine Lumber Company all the timber which is the subject-matter of, this suit, and in accordance with the contract hereto attached as "Exhibit A" and made a part of this plea, which right and interest was regularly conveyed by the Yellow Pine Lumber Company, through successive transfers, into the E. W. Gates Lumber Company, and defendant avers that under said conveyance, it had a reasonable time within which to remove said timber, and defendant avers that said timber was removed by it within a reasonable time."

While this plea may afford considerable amusement for this court, we think it will also serve to demonstrate

the intention, at least of the grantee, with reference to the time within which the timber was to be removed. So much for the language of this deed as evidencing the intention of both the grantor and grantee at the time it was executed and its proper classification with the class of deeds dealt with in the McRae case and the Hall case as distinguished from the class of deeds dealt with in the Guy case.

We turn now to the eleven authorities cited by counsel for appellant under section seven of this brief, three of which are Mississippi cases, all the others being from other states, most of them from Alabama. We have read critically and carefully every single one of these cases and we submit, in all confidence, that when the court has examined them carefully and fully that it will find that the first three of them, to wit: *Harrell* v. *Miller*, 35 Miss. 701; *McKenzie* v. *Shows*, 70 Miss. 388 and *Fox* v. *Pearl River Lumber Co.*, 80 Miss. 81, hold simply· and only that standing trees are a parcel of the realty and not chattels, with which proposition we are in full accord. It is well established and is foreign to the issue presented by this record.

We further submit that the next seven cases, to wit: *Magnetic Ore Co.* v. *Marbury Lumber Co.*, 104 Ala. 465; *Zimmerman* v. *Daffin*, 149 Ala. 380; *Heflin* v. *Bingham*, 56 Ala. 566; *Harrell* v. *Mason*, 54 So. 185; *Hoit* v. *Stratton Mills*, 54 N. H. 109; *Benedict* v. *Torrent*, 11 L. R. A. (Mich.) 270; *Mee* v. *Benedict*, 22 L. R. A. (Mich.) 641, hold two propositions:

First, that in a timber deed where no time is specified for the removal of the timber, the law implies a reasonable time, and on that proposition we submit these cases are authorities for appellee and against the appellant; second, that after the expiration of a reasonable time, where none is specified, or the specified time, in deeds where the time is specified, the grantee loses his right to re-enter upon the land for the purpose of cutting and

removing the timber, but that the grantee retains the title to the timber. Most of these cases deal chiefly with this second proposition, and on this proposition the courts of the country have divided; and our complete answer to those seven cases on this proposition is, that the supreme court of the state of Mississippi has aligned itself with the states that have held exactly the contrary of the holding in the above-cited seven cases, as expressly, emphatically, and unqualifiedly laid down in the case of *Clark v. Ingram Day Lumber Co.*, 43 So. 813, where Judge MAYES, speaking for the court, after the most thorough examination of all the cases dealing with this troublesome proposition, most emphatically said: "All the cases which hold to the view that notwithstanding there is a time within which timber must be cut and removed, yet the grantee in such an instrument by severing the trees from the soil has removed them within the meaning of the terms of such contract and that his rights are not lost by his actual failure to take the timber from the land within the period limited, cite back to the case of *Hoit v. Stratton Mills*, 54 N. H. 109" (one of the seven cases cited above by counsel for appellant). "We prefer the line of authority which adopts the case of Boisaubin v. Reed as containing the best decisions upon this subject. *Strong v. Eddy*, 40 Vt. 547; *Kellman v. McKinstry et al.*, 69 N. Y. 264; *Chestnut v. Green*, 86 S. W. 1122, 27 Ky. Law Rep. 838; *Saltonstall v. Little*, 90 Pa. 422, 35 Am. Rep. 683; *Jackson et al. v. Hardin*, 87 S. W. 1119, 27 Ky. Law Rep. 1110. In the case of *Adkins v. Huff*, 58 W. Va. 645, 52 S. E. 773, 3 L. R. A. (N. S.) 649, in the notes will be found many authorities on this subject; and in this case it is stated, in the opinion of the court, to be found on page 652 of 3 L. R. A. (N. S.), p. 774 of 52 S. E.: 'By the great weight of authority it is determined that no right or title exists in the grantee after the expiration of the time specified in the deed or contract.' It is further said on the same page: 'No dis-

tinction seems to be made in this respect between the rights conferred by deed and those conferred by contracts which have not the forms nor all the requisites of a deed.' "

We submit that this case is a complete answer to the seven cases cited from other states by counsel for appellant on that proposition and that it is conclusive of the question that, after the expiration of the time fixed by the contract, or a reasonable time, where no time is fixed by the contract, the grantee has no further right on the premises or to the timber, either standing or which it had cut down and left lying upon the land, in the state of Mississippi.

The only remaining case cited under section 7 of appellant's brief is *Patterson* v. *Graham,* 164 Pa. 234. We are wholly at a loss to know why counsel cited so strong a case in favor of appellee as supporting his contention, as Patterson v. Graham.

We invite the court's most careful consideration to this case and submit that it will find that it held that under the circumstances of that particular case, the plaintiff was entitled to the value of all the timber cut, after the expiration of eleven years. In other words, it held exactly what the appellee is contending for here, to wit: First, that the law implied a reasonable time where no time was specified; and second, that upon failure to remove the timber within a reasonable time the grantee lost, not only the right to re-enter the premises to remove the timber, but also all interest he had by virtue of the timber deed in the timber itself. We cite this case as an authority for appellee.

We, therefore, most respectfully submit to this court that the deed presented by the record for construction is clearly to be classified with the class of deeds construed by the case of McRae v. Stillwell and the case of Hall v. Eastman, Gardner Co., and not with the class of deeds construed in the Guy case.

We submit that the law will imply from the words, phrases and clauses used in this deed a reasonable time as held in the Hall case and the McRae case and, inasmuch as this record shows that the grantee did not even begin to cut until more than ten years and six months after the execution of the deed, we say that this length of time must be held to be most unreasonable, regardless of any statute of limitations, section 3090 of the Code of Mississippi, 1906, that after the expiration of ten years the grantee had no further right to go upon the premises to cut and remove any of this timber.

We submit further that, with reference to the question as to whether the grantee forfeited his title to the trees after the expiration of a reasonable time, that question is conclusively settled by the case of Clark v. Ingram Day Lumber Company, quoted from above.

SMITH, C. J., delivered the opinion of the court.

There is no material difference between the deed by which the timber here in controversy was sold and that by which the timber in controversy in *Butterfield Lumber Co.* v. *Guy,* 92 Miss. 361, 46 South. 78, 15 L. R. A. (N. S.) 1123, 131 Am. St. Rep. 540, was sold; and consequently the peremptory instruction requested by appellants should have been given.

The judgment of the court below is reversed and judgment here for appellant; costs here and in the court below to be paid by appellee.

*Reversed.    Judgment for appellant.*